**PRINDLE, AMARO, GOETZ,**
**HILLYARD, BARNES & REINHOLTZ LLP**
Michael L. Amaro, Esq. (Bar No. 109514)
Cathy Muller Diehl, Esq. (Bar No. 188989)
310 Golden Shore, Fourth Floor
Long Beach, California 90802
Telephone:  (562) 436-3946
Facsimile:  (562) 495-0564
mamaro@prindlelaw.com
cdiehl@prindlelaw.com
PSMT0003

Attorneys for Defendant,
PETSMART, INC.

*Left margin vertical text:* LAW OFFICES OF PRINDLE, AMARO, GOETZ, HILLYARD, BARNES & REINHOLTZ LLP

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

ELIZABETH KARNAZES,

        Plaintiff,

v.

PETSMART, INC. and DOES 1 TO 100,

        Defendants.

CASE NO. 3:15-cv-05772

**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. SECTION 1441 (B) (DIVERSITY); DEMAND FOR JURY TRIAL; DECLARATION OF MICHAEL L. AMARO**

Complaint Filed:  December 17, 2010
Amended Complaint Filed:  February 14, 2012
Trial Date:  None

        TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION:

        PLEASE TAKE NOTICE that Defendant, PETSMART, INC. ("Defendant") hereby removes the above entitled action to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. Sections 1441 and 1446. As grounds for removal, Defendant respectfully states:

## BACKGROUND

1.  On or about December 17, 2010, Plaintiff, ELIZABETH KARNAZES ("Plaintiff") commenced a civil action in the Superior Court of the State of California for the County

1

MLA/KARNAZES_ELIZABETH/NTC_REMOVAL_FED

LAW OFFICES OF
PRINDLE, AMARO, GOETZ, HILLYARD, BARNES & REINHOLTZ LLP

of San Francisco, captioned *Elizabeth Karnazes v. PetCo, et al*., Case No. CGC-10-506348 (the "State Court Action").  A true and accurate copy of Plaintiff's Complaint in the State Court Action is attached hereto as **Exhibit "A"**.

2. Defendant downloaded and reviewed the entire court docket, including the many documents filed by Plaintiff during the five year period that the case was pending.  A summary of the docket is attached as **Exhibit "B"**.

3. A copy all pleadings and documents filed with the Superior Court of the State of California, County of San Francisco, which was available on the Court's docket in this action, is attached hereto as **Exhibit "C"**.

4. Defendant was <u>not</u> served with a copy of the initial Complaint in this action.

5. None of the documents filed by Plaintiff contain a Proof of Service, indicating that the declarations and default submittals were ever mailed or served upon PetSmart (either at the store, or PetSmart's corporate agent, The Corporation Company in Sacramento). In fact, the First Amended Complaint, and Statement of Damages, was never served upon the corporate agent.

6. On February 14, 2012, Plaintiff filed an Amended Complaint in the State Court Action, wherein Plaintiff named PetSmart, Inc. as a Defendant (the original Complaint named "Petco").  A true and accurate copy of Plaintiff's Amended Complaint in the State Court Action is attached hereto, in **Exhibit "D"**.  Defendant was not served with a copy of the Amended Complaint in the State Court Action.

7. On August 25, 2015, Plaintiff obtained a Default Judgment against Defendant.

8. On November 16, 2015, the Clerk of the Superior Court of California, County of San Francisco served Defendant with Notice of Entry of Default.

9. Defendant files this Notice of Removal of a Civil Action within 30 days after receipt by Defendant, through U.S. Mail service, of a copy of the Notice of Entry of Default. Accordingly, this Notice is timely filed in compliance with the requirements of 28 U.S.C. Sections 1441 (b), 1446 (b).

2

MLA/KARNAZES_ELIZABETH/NTC_REMOVAL_FED

10. Defendant has not pled, answered, or otherwise appeared in the State Court Action.

11. Removal of the action to federal court after the state court has entered default is proper, and the federal court may adjudicate any motion to vacate default judgment filed after removal. <u>Jenkins v. MTGLQ Investors</u>, 218 Fed.Appx. 719, 724 (10th Cir. 2007); <u>Silva v. City of Madison</u>, 69 F.3d 1368, 1376 (7th Cir. 1995); <u>Cady v. Associated Colonies</u>, 119 F. 420, 423 (C.C.N.D. Cal. 1902); <u>Mech. Appliance Co. v. Castleman</u>, 215 U.S. 437, 441 (1910); Fed. R. Civ. Proc., Rule 81(c).

## JURISDICTION

12. This matter is removed to the United States District Court for the Northern District of California on the grounds that there is complete diversity of citizenship between Plaintiff on the one hand, and Defendant on the other hand, and the amount in controversy exceeds $75,000. The facts supporting jurisdiction are as follows:

## DIVERSITY OF CITIZENSHIP

13. Plaintiff is an individual, residing in the State of California. (*see* **Exhibit "A"**, Plaintiff's Complaint).

14. The Complaint names PetSmart, Inc. as the only defendant.

15. Defendant, PetSmart was, and currently is, incorporated in the State of Deleware (*see* Declaration of Michael L. Amaro, and **Exhibit "E",** California Secretary of State, Business Entity Detail, which shows that Defendant, PetSmart, Inc. is incorporated in the State of Delaware).

16. Accordingly, Defendant is not a citizen of the State of California, where the action was brought, and the citizenship of all defendants is diverse from that of Plaintiff.

17. The underlying state court action is a civil action which arises from a property damage claim, wherein Plaintiff claims that her dogs were injured while receiving dog grooming services at the PetSmart retail store, in San Mateo, California, on December 20, 2008 (*see* Exhibit "A",  Complaint, paragraph 17).

18. Plaintiff claims damages in the amount of $1,749,000.00 (*see* **Exhibit "F",** Plaintiff's

LAW OFFICES OF

**PRINDLE, AMARO, GOETZ, HILLYARD, BARNES & REINHOLTZ LLP**

**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. SECTION 1441 (B) (DIVERSITY)**

MLA/KARNAZES_ELIZABETH/NTC_REMOVAL_FED

LAW OFFICES OF

PRINDLE, AMARO, GOETZ, HILLYARD, BARNES & REINHOLTZ LLP

1    Statement of Damages).

2    19. No proceedings have taken place in the State Court to which Defendant had notice.

3    20. No discovery has been served in the State Court action.

4    21. Neither answers nor other responsive pleadings have been filed in the State Court action.

5    22. This Notice of Removal is filed within one year after the Notice of Entry of Default, in

6    compliance with 28 U.S.C. Section 1446 (b) and Fed. R. Civ. Proc. 6 (a).

7    23.  The underlying State Court action is one in which this Court has original jurisdiction

8    under the provisions of Title 28, United States Code, Section 1332, and is one which may

9    be removed to this Court by Defendant, pursuant to the provisions of Title 28, United

10    States Code, Section 1441, in that it is a civil action wherein the amount in controversy

11    exceeds the sum of Seventy Five Thousand Dollars ($75,000), exclusive of interest and

12    costs, and is between entities of different states.

13    <strong><u>AMOUNT IN CONTROVERSY</u></strong>

14    24. Plaintiff's Statement of Damages alleges damages in the amount of $1,749,000.00 (*see*

15    **Exhibit "F",** Plaintiff's Statement of Damages).

16    <strong><u>NOTICE</u></strong>

17    25. Pursuant to 28 U.S.C. Section 1446 (d), proper notice will be given to Plaintiff herein, by

18    and through counsel of record, and to the Clerk of the Superior Court of San Francisco,

19    which will be filed in that Court.  A true and correct copy of such notice is attached as

20    **Exhibit "G"**.

21    <strong><u>DEMAND FOR JURY TRIAL</u></strong>

22    26. Pursuant to the Seventh Amendment to the United States Constitution and Rule 38(b) of

23    the <u>Federal Rules of Civil Procedure</u>, Defendant, PetSmart, Inc. hereby respectfully

24    demand a trial by jury of all issues triable of right by jury.

25

26

27

28

**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. SECTION 1441 (B) (DIVERSITY)**

MLA/KARNAZES_ELIZABETH/NTC_REMOVAL_FED

DATED:  December 15, 2015                    PRINDLE, AMARO, GOETZ,
                                             HILLYARD, BARNES & REINHOLTZ LLP


                                             By:_____
                                                MICHAEL L. AMARO
                                                Attorneys for Defendant,
                                                PETSMART, INC.

**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. SECTION 1441 (B) (DIVERSITY)**

5

MLA/KARNAZES_ELIZABETH/NTC_REMOVAL_FED

LAW OFFICES OF
PRINDLE, AMARO, GOETZ, HILLYARD, BARNES & REINHOLTZ LLP

PRINDLE, AMARO, GOETZ, HILLYARD, BARNES & REINHOLTZ LLP

LAW OFFICES OF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DECLARATION OF MICHAEL L. AMARO

I, MICHAEL L. AMARO, declare:

I am an attorney, duly licensed to practice law in all the courts of the State of California, and am a partner in the law firm of Prindle, Amaro, Goetz, Hillyard, Barnes & Reinholtz LLP, attorneys of record for Defendants, PETSMART, INC. ("Defendant").  As such, I have personal knowledge of the files and pleadings in this matter, as well as the facts stated below.  If called upon as a witness, I could and would competently testify as follows:

1.    On or about December 17, 2010, Plaintiff, ELIZABETH KARNAZES ("Plaintiff") commenced a civil action in the Superior Court of the State of California for the County of San Francisco, captioned *Elizabeth Karnazes v. PetCo, et al*., Case No. CGC-10-506348 (the "State Court Action").   A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit "A"**.

2.    My office obtained copies of the filings in the State Court Action, via a public records search, and reviewed the entire court docket, including the many documents filed by Plaintiff during the five year period that the case was pending.  A summary of the docket is attached as **Exhibit "B"**.

3.    A true and correct copy of all pleadings and documents filed with the Superior Court of the State of California, County of San Francisco, which were available from the Court's docket in the State Court Action, is attached hereto as **Exhibit "C".**

4.    Defendant was not served with a copy of the initial Complaint in this action.

5.    None of the documents filed by Plaintiff contain a Proof of Service, indicating that the declarations and default submittals were ever mailed or served upon PetSmart (either at the store, or PetSmart's corporate agent, The Corporation Company in Sacramento).

6.    The First Amended Complaint, and Statement of Damages, were never served upon the corporate agent.

7.    On February 14, 2012, Plaintiff filed an Amended Complaint in the State Court Action, wherein Plaintiff named PetSmart, Inc. as a Defendant (the original complaint named "Petco").  A true and accurate copy of Plaintiff's Amended Complaint in the State Court Action is attached hereto, in **Exhibit "D"**.  Defendant was not served with a copy of the Amended Complaint

6

MLA/KARNAZES_ELIZABETH/NTC_REMOVAL_FED

1 | in the State Court Action.

2 |      8.     On August 25, 2015, Plaintiff obtained a Default Judgment against Defendant.

3 |      9.     On November 16, 2015, the Clerk of the Superior Court of California, County of San

4 | Francisco served Defendant with Notice of Entry of Default.

5 |      10.     Defendant files its Notice of Removal of a Civil Action within 30 days after receipt

6 | by the defendant, through U.S Mail service, of a copy of the Notice of Entry of Default.

7 | Accordingly, this Notice is timely filed in compliance with the requirements of 28 U.S.C. Sections

8 | 1441 (b), 1446 (b).

9 |      11.     Defendant has not pled, answered, or otherwise appeared in the State Court Action.

**JURISDICTION**

12 |      12.     This matter is removed to the United States District Court for the Northern District of

12 | California on the grounds that there is complete diversity of citizenship between Plaintiff on the one

13 | hand, and Defendant on the other hand, and the amount in controversy exceeds $75,000. The facts

14 | supporting jurisdiction are as follows:

**DIVERSITY OF CITIZENSHIP**

16 |      13.     Plaintiff is an individual, residing in the State of California. (*See* **Exhibit "A"**,

17 | Plaintiff's Complaint).

18 |      14.     The Complaint names PetSmart, Inc. as the only defendant.

19 |      15.     Defendant, PetSmart was, and currently is, incorporated in the State of Delaware.

20 | (Attached hereto as **Exhibit "E"** is a true and correct copy of the California Secretary of State,

21 | Business Entity Detail, which shows that Defendant, PetSmart, Inc. is incorporated in the State of

22 | Delaware).

23 |      16.     Accordingly, Defendant is not a citizen of the State of California, where the action

24 | was brought, and the citizenship of all defendants is diverse from that of Plaintiff.

25 |      17.     The underlying State Court Action is a civil action which arises from a property

26 | damage claim, wherein Plaintiff claims that her dogs were injured while receiving dog grooming

27 | services at the PetSmart retail store, in San Mateo, California, on December 20, 2008 (*see* Exhibit

LAW OFFICES OF

**PRINDLE, AMARO, GOETZ, HILLYARD, BARNES & REINHOLTZ LLP**

**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. SECTION 1441 (B) (DIVERSITY)**

MLA/KARNAZES_ELIZABETH/NTC_REMOVAL_FED

"A",  Complaint, paragraph 17).

18.    Plaintiff claims damages in the amount of $1,749,000.00.  Attached hereto as **Exhibit "F"** is a true and correct copy of Plaintiff's Statement of Damages, filed in the State Court Action.

19.    No proceedings have taken place in the State Court to which Defendant had notice.

20.    No discovery has been served in the State Court action.

21.    Neither answers nor other responsive pleadings have been filed in the State Court action.

22.    This Notice of Removal is filed within one year after the Notice of Entry of Default, in compliance with 28 U.S.C. Section 1446 (b) and Fed. R. Civ. Proc. 6 (a).

23.     The underlying State Court action is one in which this Court has original jurisdiction under the provisions of Title 28, United States Code, Section 1332, and is one which may be removed to this Court by Defendant, pursuant to the provisions of Title 28, United States Code, Section 1441, in that it is a civil action wherein the amount in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000), exclusive of interest and costs, and is between entities of different states.

## AMOUNT IN CONTROVERSY

24.    Plaintiff's Statement of Damages alleges damages in the amount of $1,749,000.00 (*see* **Exhibit "F",** Plaintiff's Statement of Damages).

## NOTICE

25.    Pursuant to 28 U.S.C. Section 1446 (d), proper notice will be given to Plaintiff herein, by and through counsel of record, and to the Clerk of the Superior Court of San Francisco, which will be filed in that Court.  A true and correct copy of such notice is attached as **Exhibit "G"**.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration is executed on December 16, 2015, at Long Beach, California.

_____

MICHAEL L. AMARO, Declarant

**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. SECTION 1441 (B) (DIVERSITY)**

MLA/KARNAZES_ELIZABETH/NTC_REMOVAL_FED