UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH KARNAZES, | Case No. 15-cv-05772-EMC |
| Plaintiff, | |
| v. | **ORDER REMANDING CASE** |
| PETSMART, INC., | |
| Defendant. | |

## I.   INTRODUCTION

Plaintiff Elizabeth Karnazes filed the instant pro se suit against Defendant PetSmart, Inc. (PetSmart) in state court. *See* Docket No. 1 (Not. of Removal). Plaintiff alleges that PetSmart's groomers injured her service dogs, resulting in the need for surgery for the dogs as well as severe emotional and physical distress to Plaintiff. *See* Not. of Removal, Exh. A (Amend. Compl.) at 4. The original complaint, which was filed on December 17, 2010, named Petco as the defendant. Compl.[1] PetSmart was not named as a Defendant until February 14, 2012, and asserts that it was

---

[1] PetSmart did not file the original state court complaint, but filed the amended complaint. The state court complaint is available on the San Francisco Superior Court's website, and lists Petco as the defendant. The Court may take judicial notice of this fact, as:

> Under Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. We may take judicial notice of undisputed matters of public record, *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), including documents on file in federal or state courts. *See Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002).

*Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). Here, there can be no real dispute about the accuracy of the documents, which are readily verifiable documents filed with the

never served with any complaint or any of the documents filed by Plaintiff in the case. *See* Not. of Removal at ¶¶ 4-6, Exh. D. Instead, PetSmart contends that it received no notice of the lawsuit until the state court mailed PetSmart the notice of default on November 16, 2015. Docket No. 6-1 (Karpinski Dec.) at ¶ 9.

Upon receipt of the notice of default, PetSmart removed the action to federal court. *See* Not. of Removal. PetSmart now moves to set aside the default judgment, pursuant to Federal Rules of Civil Procedure 60(b)(1) and 60(b)(4). Docket No. 6 (Mot.) at 1. However, for the reasons stated below, the Court finds that in its removal, PetSmart failed to establish that this Court has jurisdiction over the matter.

## II.   **BACKGROUND**

Plaintiff filed her suit in the San Francisco Superior Court in December 2010, naming Petco as a defendant. In February 2012, Plaintiff filed an amended complaint naming PetSmart as the defendant, and alleging that in December 2008, groomers at the San Mateo PetSmart had injured her medical alert service dogs, resulting in one dog being left paralyzed and the other permanently scarred. Amend. Compl. at 4. Plaintiff alleges that she then had to borrow money against her real property at a high interest rate to pay for treatment of her service dogs and herself, and suffered severe mental, emotional, and physical distress, as well as loss of assets essential to her health and welfare. *Id.* Plaintiff brought causes of action for: (1) general negligence, (2) premises liability, (3) intentional tort, (4) fraud, and (5) breach of contract. *Id.* at 4-17. In both complaints, Plaintiff did not on the face of her complaint state an amount of damages being sought. *See e.g.*, Compl. at 3 (stating that Plaintiff is seeking compensatory and punitive damages according to proof); Amended Compl. at 3 (same).

After years of requesting entry of default judgment (which were denied for failure to file a proper proof of service), Plaintiff filed an amended proof of service on August 25, 2015. Not. of Removal, Exh. C at 120. Plaintiff also filed a statement of damages, alleging damages in the

---

state court.

1  amount of $1,799,000.[2]  *See* Not. of Removal, Exh. F (Statement of Damages).  That same day,
2  the Superior Court filed the entry of default.  Not. of Removal, Exh. C at 128.

3  Following entry of default, the Superior Court conducted a default judgment prove-up
4  hearing.  *Id.* at 144.  The Superior Court found that while Plaintiff claimed damages in the amount
5  of $1,799,000, "Plaintiff has provided no evidence to support her claims (of liability or damages)
6  other than her own testimony at the hearing."  *Id.*  Further, "[P]laintiff enumerated damages of
7  $28,021.69," and that "Plaintiff's claimed damages above $28,021.69 are not supported by her
8  testimony or any other proof."  *Id.* at 144-45.  Because "[a]ny award greater than $28,021.69
9  would not 'appear by the evidence to be just,'" the Superior Court entered judgment in favor of
10 Plaintiff against PetSmart for a total of $28,021.69.  *Id.* at 145.  The Superior Court's judgment
11 was filed on October 14, 2013.

12 On November 16, 2015, the Superior Court sent the judgment to PetSmart at its San Mateo
13 store location.  *Id.* at 146.  PetSmart states that this is the first time it received notice of the case.
14 Karpinski Dec. at ¶ 6.  Following receipt of the entry of judgment, PetSmart removed the case to
15 federal court, asserting diversity jurisdiction.  *See* Not. of Removal.

### III.   DISCUSSION

"Federal courts have the authority and duty to decide whether jurisdiction is proper."  *Ou-Young v. Roberts*, No. C-13-4442 EMC, 2013 U.S. Dist. LEXIS 179213, at *10 (N.D. Cal. Dec. 20, 2013) (citing *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).  Thus, "this Court has an independent obligation to address sua sponte whether it has subject-matter jurisdiction."  *Long v. Forty Niners Football Co. LLC*, No. C-13-2919 EMC, 2013 U.S. Dist. LEXIS 152438, at *3 (N.D. Cal. Oct. 23, 2013) (dismissing case for lack of diversity jurisdiction even though the defendants had not moved to dismiss the action for lack of subject matter jurisdiction) (quoting *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999).

A civil action over which a federal district court has original jurisdiction, but that is

---

[2] The Statement of Damages is dated February 22, 2012, after the Amended Complaint was filed with the Superior Court on February 14, 2012.  *See* Amended Compl. at 1; Statement of Damages at 1.  Based on the Court's review of the record and the Superior Court docket, there is no indication that the Statement of Damages was filed prior to August 25, 2015.

3

1  brought in state court, may be removed by a defendant to federal district court. 28 U.S.C. §
2  1441(a). District courts have original jurisdiction over matters in which the parties are citizens of
3  different states and the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

    The burden of proving the proprietary of removal rests with the moving party, and "[d]oubts as to removability are resolved in favor of remanding the case to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090. The Ninth Circuit has determined specifically that "the 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)). In many cases, a removing defendant can clearly satisfy this burden because the plaintiff specifically prayed for a sum greater than the jurisdictional requirement. *Id.* But in cases where "it is unclear what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Id.* (citation omitted). Thus, where it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," a "preponderance of the evidence" standard applies to satisfying the jurisdictional amount. *Guglielmino v. McKee Foods, Inc.*, 506 F.3d 696, 699 (9th Cir. 2007) (internal citation omitted). With respect to the amount in controversy, the removing defendant should establish "an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). To determine whether the removing party has met its burden, a court may consider the contents of the removal petition and "summary-judgment-type evidence" relevant to the amount in controversy at the time of removal." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

    Here, Plaintiff did not specifically pray for a sum greater than the jurisdictional amount on her complaint. In both the original Complaint's and the Amended Complaint's "amount of damages" section, Plaintiff checked the "according to proof" box rather than the "in the amount of $" box. Amend. Compl. at 3. Plaintiff did not otherwise state the amount of damages sought in her complaints. PetSmart instead relies on Plaintiff's Statement of Damages to show that the

4

amount in controversy exceeds $75,000. Not. of Removal at ¶ 18. However, the Statement of Damages is not part of the complaint; it is a separate document, dated after the Amended Complaint was filed, and filed more than three years after the Amended Complaint was filed. Thus, because it is "unclear or ambiguous from the face of [the] state-court complaint whether the amount in controversy is pled," the Court applies a preponderance of the evidence standard to determine if the jurisdictional amount is satisfied. *Guglielmino*, 506 F.3d at 699; *see also Renazco v. Unisys Tech. Servs.*, No. C-14-4204 EMC, 2014 WL 6882589, at *2 (N.D. Cal. Dec. 5, 2014).

The Court finds that PetSmart has not satisfied its burden of establishing by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000. At the time of removal, Plaintiff had already received a default judgment based on an uncontested default judgment prove-up hearing, where Plaintiff's testimony went unchallenged by PetSmart. Even then, the Superior Court found that Plaintiff enumerated damages of only $28,021.69, and that her unopposed testimony did not support any damages above $28,021.69. Not. of Removal, Exh. C at 144-45. Thus, at the time of removal, only a maximum of $28,021.69 was in controversy between the parties. Defendant has submitted no evidence suggesting $75,000 or more is actually in controversy in this matter. The amount of the default judgment is well-below the jurisdictional amount required for diversity jurisdiction.

## IV.   CONCLUSION

For the foregoing reasons, the Court concludes that there is insufficient evidence that the amount in controversy in this case exceeds $75,000. The Court therefore finds that it lacks jurisdiction over the case and **REMANDS** the case to state court.

The Clerk shall remand the case to San Francisco Superior Court and shall close the case file.

**IT IS SO ORDERED**.

Dated: April 7, 2016

_____
EDWARD M. CHEN
United States District Judge

5